FILED IN CHAMBERS
U.S.D.C. - Atlanta
MAY 17 2018
James N. Hatten, Clerk
By: /s/ FMcAtee
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JONATHAN LEE EVANS GDC No. 1018345, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:17-CV-5508-ODE |
| AHMED HOLT, Warden; et al., Defendants. | : : | |

## ORDER AND OPINION

This matter is before the Court on what the Clerk has styled as Plaintiff's pro se motion for an injunction [Doc. 13] and motion for appointment of counsel [Doc. 14]. On February 22, 2018, Magistrate Judge Justin S. Anand recommended that the Court dismiss Plaintiff's complaint [Doc. 1] pursuant to 28 U.S.C. § 1915A because Plaintiff had failed to state a cognizable claim under 42 U.S.C. § 1983. (Doc. 4). This Court adopted Judge Anand's recommendation over what it construed as Plaintiff's objections [Docs. 7, 8, 9], and entered judgment dismissing the case on April 4, 2018. (Doc. 10). This case is now closed.

Plaintiff's motion for an injunction appears to be an attempt by Plaintiff to ask this Court for reconsideration of its judgment. "A motion for reconsideration cannot be used 'to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment.'" Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). Here, Plaintiff merely attempts to litigate old matters by reiterating that he has been injured by other inmates and that his property was taken from

him. (Doc. 13). Plaintiff also now attempts to raise allegations in which he claims that the pharmacy is "altering" and/or "crushing" his prescription medications so that he cannot see what actual medication he is taking--allegations that he never raised prior to the entry of judgment despite the fact that he could have done so. (Doc. 13 at 1). Accordingly, the Court will not recede from its previous ruling, and DENIES what the Court has construed as Plaintiff's motion for reconsideration [Doc. 13].

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel [Doc. 14] is DENIED AS MOOT.

IT IS SO ORDERED this 16 day of May, 2018.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE